■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS CALDERON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 12, 1972, convicting him of criminal possession of stolen property in the second and third degrees, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant claims, *inter alia,* that the second count of the indictment charged him with the illegal possession of a 1965 Oldsmobile and that, with regard to that count, no proof was elicited at trial. He argues, therefore, that his conviction of criminal possession of stolen property in the third degree, which resulted from the said second count, must be reversed and that the count itself should be dismissed. While defendant is correct with regard to the purported copy of the indictment contained in his printed record on appeal, our examination of the original papers reveals that the second count in the indictment actually charged him only with illegal possession of stolen license plates, the crime for which he was tried pursuant to that count and upon which the jury returned a verdict of guilty against him. However correct defendant may be when he argues that there was no proof with regard to the second count of the indictment as set forth in his record on appeal, the charge, as actually set forth in the indictment, is well supported by the evidence presented at the trial. We have considered defendant's other allegations of error and have found them to be without merit. Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHA RENE GRIFFIN, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered May 13, 1974, convicting her of grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. This would appear to be an appropriate case for defendant to make application to the sentencing court for relief from disabilities, pursuant to article 23 of the Correction Law (Correction Law, § 702). Rabin, Acting P. J., Hopkins, Martuscello, Cohalan and Christ, JJ., concur.